In the Matter of MELVIN REISLER, an Attorney, Respondent. CO-ORDINATING COMMITTEE ON DISCIPLINE OF THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, THE NEW YORK COUNTY LAWYERS' ASSOCIATION AND THE BRONX COUNTY BAR ASSOCIATION, Petitioner.

First Department, March 3, 1964.

*Henry Weiner* of counsel (*Joseph B. Castleman* with him on the brief), for petitioner.

*Julius A. Itzkowitz* of counsel (*Julius A. Itzkowitz* and *Harry Wolfson,* attorneys), for respondent.

*Per Curiam.* The respondent in this disciplinary proceeding was admitted to practice in the Second Department on April 8, 1953, and thereupon became engaged in conducting an extensive negligence practice with offices in the First Department. These proceedings were instituted on the basis of most serious charges of misconduct and irregularities in his negligence practice. Following extensive hearings, however, the Referee in his report, which is notable for a comprehensive and careful analysis of the evidence, has concluded that a substantial portion and the most serious of the charges were not proven.

The Referee reports, however, that the following charges have been sustained to the extent indicated, to wit:

Charge No. 5 to the extent that the respondent did in the years 1956 to 1958 settle three infants' claims without procuring the requisite court order. This constituted professional misconduct. (See *Matter of Feldman,* 17 A D 2d 553, 558; *Matter of Gladstone,* 16 A D 2d 512, 515.)

Charge No. 6 to the extent that an associate employed by respondent had improperly combined and grouped for settlement purposes three separate claims arising out of the same accident, with an ultimate reapportionment of the figures for settlement purposes without the consent of the claimants. The Referee held the respondent responsible for the acts of his associate in this connection. The unauthorized combining and grouping of the claims for settlement purposes violated the Special Rules of this court (see rule 4-D of 1956 Rules) and canons 6, 22, 29 and 32 of the Canons of Professional Ethics.

Charge No. 7 to the extent that the respondent had commingled clients' moneys with his own moneys in a bank account maintained in his name until 1960 for the deposit of funds received from recoveries or settlements on accident claims. It is to be noted, however, that all claimants were promptly given their checks and that no claimant received a bad check or sustained a loss. The commingling here proven constituted a violation of the Special Rules of this court and of canon 11 of the Canons of Professional Ethics; and constituted professional misconduct. (*Matter of Brown,* 16 A D 2d 519.)

Charge No. 8 to the extent of the failure to disclose in two certain closing statements, as filed, the payments made to another attorney for services rendered to respondent in settlement negotiations in the cases involved. The failure to properly list disbursements in closing statements was a violation of the rules of this court and constituted professional misconduct (see former rules 4 [e], 4-G).

The Referee's report should be confirmed in all respects.

Although " the mass of specifications and extensive hearings yielded only a residue of sustainable findings [and] the requisite discipline must * * * be governed by the findings and not the charges " (*Matter of Feldman, supra,* p. 558), the charges which have been sustained against the respondent here, when viewed in the light of his testimony and the entire record, do involve serious professional misconduct. It is clearly apparent that the respondent conducted his negligence practice in many respects as a business venture without proper regard for the rules of the court and ethical standards which are to be observed in maintaining such a practice. Particularly, his testimony before the Referee with reference to his records and actions is lacking in the frankness and candor which the court has the right to expect from an attorney in his explanation of serious charges of misconduct. Bearing in mind, however, the evidence of respondent's general good character and reputation, we are moved to extend some measure of leniency in this case

and, consequently, it is determined that he should be suspended from the practice of the law for one year.

Botein, P. J., Valente, Stevens, Eager and Steuer, JJ., concur.

Respondent suspended for a period of one year.